

ENTERED
01/03/2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CAROLYN J. GOLDSTON, | ) | CASE NO. 11-32999-H3-13 |
| | ) | |
| Debtor | ) | |
| | ) | |

MEMORANDUM OPINION

Came on for trial the Objection and Amended Objection To
Green Tree Servicing LLC's Proof of Claim #4 (Docket Nos. 21 and
73) filed by Debtor, Carolyn J. Goldston.  After considering the
Responses filed thereto (Docket Nos. 36, 75 and 76), the pleadings,
evidence and argument of counsel, the court makes the following
findings of fact and conclusions of law.  A separate Judgment will
be entered sustaining the Objection in part and allowing Green
Tree's amended proof of claim as filed except for the amount of
$530.00.  To the extent any findings of fact are construed to be
conclusions of law, they are hereby adopted as such.  To the extent
any conclusions of law are construed to be findings of fact, they
are hereby adopted as such.

Findings of Fact

1.    Carolyn  J.  Goldston,  Debtor,  filed  a  voluntary
Chapter 13 bankruptcy petition on April 4, 2011.

2.    On April 26,  2011, Green Tree Servicing LLC (Green
Tree) filed a secured proof of claim in the amount of $154,696.60,
Proof of Claim No. 4, based upon money loaned to Debtor and secured

by a Deed of Trust on real property owned by Debtor and located in Harris County, Texas.  Green Tree Exhibit Nos. 1 and 2.  Green Tree amended its proof of claim on September 29, 2011 and again on October 7, 2011 reducing the secured claim amount to $154,433.60 which included arrears in the amount of $38,470.62.  Green Tree Exhibit No. 8.  Debtor's loan originated with Option One Mortgage Corporation and on July 1, 2008, it was assigned to Green Tree.

3.   Debtor contends that Green Tree failed to file a complete loan history pursuant to Bankruptcy Local Rule 3001-1 and failed to provide documentation to support the sums of $16,510.49 and $4,458.27 which were referenced as escrow balances.  In addition, Debtor contends that the loan history does not reflect her payments of $32,060.00 on November 2, 2009 and $1,543 on January 27, 2010.

4.   Debtor testified that she was not familiar with the events relating to her finances as her husband, George Andrews, handled these matters for her and knew all of the information relating to the dispute with Green Tree.  George Andrews testified that Debtor requested information regarding the loan from Green Tree but Debtor did not receive a complete loan history or an accounting of how the $32,060 payment was allocated.  He testified that the letter responses from Green Tree were confusing.  Debtor's Exhibit Nos. 7 - 11.  Andrews testified that upon payment of the $32,060, he understood that the account was current.

5.    Miriam Mastascusa, an employee of Green Tree familiar with the Debtor's account, testified that the monthly billing statement as of November 5, 2009 reflects that Debtor owed a total of $31,819.93 for the current monthly payment, past due payments, escrow, insurance, late charges, and additional charges. In addition, the statement shows a "corporate advance" balance of $21,700.81.   Green Tree Exhibit Nos. 9, 12 and 15.   Mastascusa testified that corporate advances include payments for insurance, property taxes, and legal fees.   Mastascusa testified that an account will be considered current upon payment of principal and interest owed despite the fact that there is a balance owed for corporate advances.   She testified that the balance for "corporate advances" are due at a later date, which is specified in the loan documents, and in the instant case, the corporate advance balance is due in 2014.

6.    Mastascusa testified that the corporate advance balance in the instant case includes: $16,510.49 for advances made to Debtor by Option One during the time the loan was held by Option One; the net amount of $4,075.13 for advances made by Green Tree for the payment of Debtor's 2008 and 2009 property taxes; and the remaining amount represents advances made by Green Tree for the payment of insurance premiums, attorney's fees and other expenses. As to the advances made by Option One, $11,934.75 was advanced and paid to the Harris County Tax Assessor by Option One for Debtor's property taxes for 2005 and 2006.   The sum of $4,045.74 was

advanced and paid to the Harris County Tax Assessor by Option One for Debtor's property taxes for 2007. Green Tree Exhibit Nos. 5 - 9. The evidence reflects that a total of $15,980.49 was advanced by Option One versus the claimed amount of $16,510.49. There is $530 in advances made by Option One that is not substantiated by the evidence.

       7. As to Green Tree's advance for the payment of Debtor's 2008 and 2009 property taxes, Green Tree paid the Harris County Tax Assessor $4,458.49 for the 2008 taxes and $4,570.68 for the 2009 taxes for a total of 9,029.17. Subsequently, Debtor reimbursed Green Tree the amount of $4,954.04 for the tax advance, resulting in a net amount of $4,075.13 owed by the Debtor. Green Tree Exhibit Nos. 7, 13 and 14. The remainder of the advances of Green Tree relate to insurance purchased and attorney's fees and costs incurred by Green Tree relative to foreclosure of Debtor's real property and Debtor's bankruptcy. Green Tree Exhibit Nos. 8, 10 and 11.

       8. As to the allocation of the Debtor's $32,060 payment, Mastascusa testified that $25,090.11 was applied to the account for past due payments and $3,963.07 was applied to escrow. The sum of $192.17 was paid to reimburse Green Tree for the payment of a pro-rated insurance premium, the purchase of which was required because Debtor had not submitted proof of insurance on the property. Debtor's Exhibit No. 5. Green Tree applied $174.87 for late charges and $2,297.60 for charges related to foreclosure and

bankruptcy legal fees and costs incurred by Green Tree.  Green Tree Exhibit Nos. 15, 17 and 18.  Of the lump sum, $342.18 remained unapplied as of November 24, 2009.

9.    Mastascusa testified, and Debtor's payment history reflects, that Debtor's January 27, 2010 payment of $1,543 was applied to the amount due for the month of December 2009.  Green Tree Exhibit No. 5, page 12.

10.    Other than the unaccounted for $530 related to advances made by Option One, the court finds that Green Tree has provided a detailed explanation and the documentation to support its proof of claim.  In addition, the court finds that the loan history reflects that Debtor's account has been credited with Debtor's payments of $32,060.00 made on November 2, 2009, and $1,543 made on January 27, 2010.

11.    Bankruptcy Local Rule 3001-1 requires that a loan history form be attached to a proof of claim filed by a mortgage company that asserts a security interest in a chapter 13 debtor's home.  The starting date for the loan history must be at least one month prior to the date on which any current default commenced. Mastascusa testified that Debtor was current on her loan with Green Tree as of December 1, 2009, and the last payment received by Green Tree in the amount of $1,543 was made on January 27, 2010. Testimony of Mastascusa; Green Tree Exhibit No. 8.  Thus, the starting date for the loan history would be January 2010.  Green Tree's proof of claim includes Debtor's loan history beginning with

5

December 1, 2009.  Green Tree Exhibit No. 8.  The court finds that Green Tree's proof of claim includes the requisite loan history. The court notes that on February 24, 2010, March 30, 2010, and on June 18, 2010, Green Tree provided Debtor with a loan history beginning June 30, 2008.  Debtor's Exhibit Nos. 9, 11 and 12.

Conclusions of Law

1.   When a proof of claim in bankruptcy is filed, the party filing the claim is presumed to have made a prima facie case against the debtor's assets.  *In re Fidelity Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).  The objecting party must produce evidence rebutting the presumption raised by the proof of claim.  *Id*.  If such evidence is produced, the party filing the claim must then prove by a preponderance of the evidence the validity of the claim.  *Id*.  The claiming party, through this process, bears the ultimate burden of proof.  Id.  Accord *In re Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143-1144 (5th Cir. 1987) and *In re Joseph A. Burger*, 125 B.R. 894, 902 (Bankr. D. Del. 1991).

2.   Once the Objector rebuts the prima facie case, it is up to the claimant to come forward with his evidence to substantiate his claim by a preponderance.  The Objector can rebut the prima facie validity of the proof of claim with specific and detailed allegations to put the matter at issue and to shift the burden of proof.  The Objectors here, the Debtors, successfully

6

rebutted the prima facie validity of the claim by their testimony.
They thus shifted the burden of proof and the claimants should
present evidence to establish by a preponderance of the evidence
the validity of the claims.

      3.  Bankruptcy Local Rule 3001-1 provides that a proof of
claim in a chapter 13 bankruptcy case that asserts a claim secured
by a mortgage or deed of trust on a home owned by a chapter 13
debtor must contain a Loan History Form, in a form approved by the
court.  The approved forms and instructions, published on the
court's website, state that:

> The Loan History Form must be completed, with an
> effective date as of the Petition Date.  The starting
> date must be at least 1 month prior to the date on which
> any current default commenced.  By way of example, if the
> debtor first defaulted on June 1, 2009, the loan history
> must start on or before May 1, 2009.

      4.  Claimant has established by a preponderance of the
evidence the validity of its claim.

      Based upon the above and foregoing, the amended proof of
claim is allowed as filed except for the amount of $530.00.  A
separate Judgment will be entered in conjunction herewith.

      SIGNED at Houston, Texas on this 3rd day of January,
2012.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE